(February 3, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY WILSON, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Suffolk County, imposed December 8, 1976, the sentence being an indeterminate period of imprisonment with a maximum of three years, upon his conviction of criminal sale of a dangerous drug in the fifth degree, upon a plea of guilty. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a period of imprisonment of 60 days and probation for an additional 4 years and 10 months. As so modified, sentence affirmed and case remitted to the County Court to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated herein. Gulotta, P. J., Hopkins and Latham, JJ., concur; Martuscello, J., dissents and votes to affirm the sentence.

(February 7, 1977)

■ AETNA CASUALTY AND SURETY COMPANY, Appellant, v WILLIAM J. HAMBLY et al., Defendants, and MICHAEL A. GURDA et al., Respondents. AETNA CASUALTY AND SURETY COMPANY, Appellant, v WILLIAM J. HAMBLY et al., Defendants, and MICHAEL A. GURDA et al., Respondents. AETNA CASUALTY AND SURETY COMPANY, Appellant, v WILLIAM J. HAMBLY et al., Defendants, and DORIS F. HAMBLY et al., Respondents.—In actions, *inter alia,* to set aside certain conveyances allegedly made in fraud of creditors, these cross appeals are from an order of the Supreme Court, Orange County, dated September 8, 1976, which (1) dismissed certain defenses asserted in the three actions herein, (2) failed to dismiss the twelfth defense interposed by defendant Doris Hambly with respect to the action bearing Index No. 3779/ 1973 and (3) denied, with leave to renew, the application to disqualify Michael M. Platzman, Esq., as attorney for certain of the defendants. Order modified, on the law, by deleting from the third decretal paragraph thereof the words: "are dismissed as being without merit, the 'TWELFTH' not being dismissed," and substituting therefor the following: "and TWELFTH are dismissed as being without merit". As so modified, order affirmed, with one bill of costs to plaintiff payable by appellants-respondents jointly. The affirmative defenses asserted in the three similar actions herein were properly dismissed for the reasons set forth in the opinion at Special Term. However, the twelfth affirmative defense of Doris F. Hambly in the action bearing Index No. 3779/73, which was preserved by Special Term, should also have been dismissed. It alleges estoppel (as a defense to an action alleging fraudulent conveyances) based on the allegation that plaintiff, as a judgment creditor, orally promised Mrs. Hambly, one of the judgment debtors, to abstain from collection of the judgment as against her "in consideration of the furnishing of certain data," and that she "believed such false and fraudulent representations and relied thereon." The absence in the record of any indication as to how she possibly could have been damaged thereby requires dismissal of this affirmative defense. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.